IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CATHERINE VIOLA FANCIULLO<br>By next friend THOMAS J. FANCIULLO | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv286 |
| SHERIFF BOTIE HILLHOUSE | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Catherine Viola Fanciullo filed this application for the writ of habeas corpus under 28 U.S.C. § 2241 through her next friend, Thomas J. Fanciullo, challenging the legality of her pretrial detention on pending state criminal charges. The case was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

I.  **Next Friend Status**

As a threshold matter, the Court must address the question of its jurisdiction to hear the petition signed and filed by Thomas Fanciullo on behalf of Catherine Fanciullo, who is the real party in interest. Federal law provides that an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended *or by someone acting in his behalf*." 28 U.S.C. § 2242 (emphasis added). "Section 2242 is a writ-specific statute which, under Federal Rule of Civil Procedure 81(a)(2), takes precedence over Rule 11(a)'s personal signature requirement." *United States v. Irby*, 103 F.3d 126 (5th Cir. 1996). This provision codified the "next friend" doctrine that allowed individuals to file habeas petitions on behalf of someone else in certain

circumstances. *Whitmore v. Arkansas*, 495 U.S. 149, 162–63 (1990). But those circumstances are limited, and "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id.* at 163.

To qualify for "next friend" status, the filer first "must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* And that explanation must be supported by relevant proof. For example, speculation that a would-be petitioner cannot act for himself due to "mental incapacitation" will not suffice without a medical professional's opinion to support it. *Aguilar v. Bragg*, 463 F. App'x 333, 334 (5th Cir. 2012) (affirming dismissal for lack of jurisdiction where petitioner did not establish that inmate could not prosecute action himself).

Second, the filer must establish that he is "truly dedicated to the best interests of the person on whose behalf [se] seeks to litigate" and "must have some significant relationship with the real party in interest." *Whitmore*, 495 U.S. at 163–64. "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164.

Mr. Fanciullo has satisfied both requirements to proceed as next friend in this case. He has submitted a recent competency evaluation of Ms. Fanciullo by licensed psychologist Thomas G. Allen. (Dkt. #5-2 at 2–6.) Dr. Allen performed a direct forensic examination of Ms. Fanciullo on May 1, 2023, and determined that she is incompetent to stand trial on the pending criminal charges against her. (*Id.*) Specifically, he found that she suffers from schizophrenia with paranoid delusions and that she "cannot factually and rationally understand" the pending charges or their possible consequences, cannot share pertinent facts or events, and cannot "engage in reasoned choice regarding legal strategies and options." (*Id.* at 3, 5.) This evidence suffices to establish that Ms. Fanciullo is unable to prosecute this action on her own behalf.

Mr. Fanciullo has also filed proof of his domestic partnership with Ms. Fanciullo, which is sufficient proof of a significant relationship that motivates him to act in her best interests. (Dkt. #5-1.) Accordingly, the Court has jurisdiction to consider the petition filed on Ms. Fanciullo's behalf by Mr. Fanciullo.

## II.     The Petitioner's Application for Habeas Corpus Relief

Petitioner is a pretrial detainee in the Henderson County Jail. She asserts four claims for relief:

1. Her rights are being violated because she is "incarcerated based on hearsay evidence not bounded by fact," and mistreatment in jail is causing her health to degrade (Dkt. #1 at 6);

2. She is being denied treatment for leukemia histoplasmosis, without which she will die (*id.*);

3. She has been found incompetent to stand trial by a court-appointed psychologist who did not properly evaluate her and is being denied an independent evaluation in violation of Texas law (*id.*); and

4. She is being denied the right to placement in a "medically recommended intensive supervision" program available to inmates who require long term care and are not a threat to public safety (*id.* at 7).

Petitioner acknowledges that she has filed no previous appeals or challenges in state court to her incarceration or the proceedings against her. (*Id.* at 2–3, 5.) She seeks medical treatment, an independent psychiatric evaluation, and placement in an Emergency Medical Reprieve Program. (*Id.* at 7.)

## III.    Discussion

As an initial matter, the petition complains of both the validity of the inmate's detention and the conditions of her confinement—specifically the failure to provide necessary medical care or to place her in a program where she could receive such care. Federal law provides "two main avenues to relief on complaints related to imprisonment." *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam)). Challenges to the validity or

3

duration of an inmate's confinement in prison are properly brought as habeas corpus petitions. *Id.* But challenges to the conditions of confinement are properly brought as civil rights claims under 42 U.S.C. § 1983. *Id.* The conditions of an inmate's confinement may be unpleasant or even unconstitutional, but that does not establish that the inmate is "in custody in violation of the Constitution" or federal law as required to state a claim for relief under Section 2241. 18 U.S.C. § 2241(c)(3).

When an inmate combines habeas claims and civil rights claims in a single case, "and the claims can be separated, federal courts should do so." *Serio v. Members of Louisiana State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987); *see also Crain v. Dir.*, TDCJ-CID, No. 6:16CV912, 2017 WL 1319711, at *2 (E.D. Tex. Mar. 10, 2017) ("The Magistrate Judge correctly determined that these [non-habeas] claims should be severed out [from habeas action] and proceed separately.") In this case, however, in response to the Court's raising this issue in a previous order (*see* Dkt. #3), Petitioner's civil rights claims concerning her medical care in jail have already been filed in a separate lawsuit under Section 1983. *See* Complaint, *Fanciullo v. Hillhouse*, No. 6:23-310 (E.D. Tex. Jun. 22, 2023). Accordingly, Petitioner's claims relating to the conditions of her confinement—Claims 2 and 4 and the portion of Claim 1 concerning her degrading health—should simply be dismissed as non-cognizable in this habeas action.

The Court turns to Petitioner's claims about the criminal proceedings against her. As a pretrial detainee, Petitioner properly filed the Petition under 28 U.S.C. § 2241. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998). The Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") still apply to this case. *See* Habeas Rule 1(b) (providing that the "district court may apply any or all of these rules to a habeas corpus petition not covered by [petitions brought under 28 U.S.C. § 2254]"). Habeas Rule 4 directs that "[i]f it plainly appears from the petition and

any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." *Pro se* habeas petitions are construed liberally and "are not held to the same stringent and rigorous standards as are pleadings filed by lawyers." *United States v. Elam*, 930 F.3d 406, 409 (5th Cir. 2019).

Section 2241 authorizes a federal writ of habeas corpus where a prisoner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal habeas relief is warranted under Section 2241 only if: (1) the petitioner is in custody for purposes of Section 2241(c); and (2) the petitioner has exhausted available state remedies. *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). Where the petitioner fails to exhaust state remedies, the federal district court may dismiss the petition without prejudice. *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Mercadel v. Cain*, 179 F.3d 271, 274 (5th Cir. 1999) (*per curiam*). This is because as a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Unlike other habeas laws, Section 2241 does not contain an express exhaustion requirement. *See* 28 U.S.C. § 2254(b)(1) (requiring exhaustion of available state remedies). However, "courts have grafted an exhaustion requirement onto § 2241." *Hartfield v. Osborne*, 808 F.3d 1066, 1073 (5th Cir. 2015). The United States Court of Appeals for the Fifth Circuit has explained that this judicially-crafted exhaustion requirement arises from the need for federal courts to abstain from interference with matters that are pending in the state courts:

> [A] body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state

5

procedures available to the petitioner.

*Dickerson*, 816 F.2d at 225 (citations omitted). Exhaustion "protect[s] the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction" and "limit[s] federal interference in the state adjudicatory process." *Id.* (citations omitted).

A claim is properly exhausted when the petitioner has "fairly apprise[d] the highest court of his state of the federal rights which were allegedly violated" and done so "in a procedurally correct manner." *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993) (citations omitted). The only regularly recognized exceptions to the complete-exhaustion rule for Section 2241 petitions brought by pretrial detainees are for claims that a prosecution violates the Double Jeopardy Clause, *see*, *e.g.*, *Montano v. Texas*, 867 F.3d 540, 546 (5th Cir. 2017) ("Section 2241's exhaustion requirement does not mandate that defendants asserting a Double Jeopardy claim subject themselves to the very harm the Double Jeopardy clause protects against before being able to assert the right in federal court."), or where a petitioner claims that his right to a speedy trial has been violated and the requested relief is an immediate trial. *See Braden*, 410 U.S. 484; *Dickerson*, 816 F.2d at 226–27.

But even while granting relief to a pretrial detainee under Section 2241, the Supreme Court has cautioned that federal habeas corpus is not the appropriate avenue to defend against a state criminal charge prior to conviction and explained that

> Early federal intervention in state criminal proceedings would tend to remove federal questions from the state courts, isolate those courts from constitutional issues, and thereby remove their understanding of and hospitality to federally protected interests. [Exhaustion doctrine] preserves orderly administration of state judicial business, preventing the interruption of state adjudication by federal habeas proceedings.

*Braden*, 410 U.S. at 489–490 (quoting Note, Developments in the Law–Federal Habeas Corpus, 83 Harv. L. Rev. 1038, 1094 (1970)). The *Braden* court found that the district court had properly granted relief on an effectively exhausted speedy trial claim, but "emphasize[d] that nothing we have said

would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court," and rejected the notion that its decision would "convert[] federal habeas corpus into 'a pretrial-motion forum for state prisoners.'" *Id.* at 493.

Accordingly, federal courts recognize that the "*Younger* abstention doctrine," arising from *Younger v. Harris*, 401 U.S. 37 (1971), applies to petitions for the writ of habeas corpus. *See, e.g., In re Justices of Superior Ct. Dep't of Mass. Tr. Ct.*, 218 F.3d 11, 17–18 (1st Cir. 2000) (applying abstention principles to pretrial habeas petition); *Davis v. Lansing*, 851 F.2d 72, 76 (2d Cir. 1988) (affirming dismissal of pretrial habeas petition on abstention grounds). The *Younger* abstention doctrine requires a federal court to abstain from interfering with pending state civil or criminal proceedings involving important state interests, absent extraordinary circumstances. *Younger*, 401 U.S. at 44; *see also Jones v. Perkins*, 245 U.S. 390, 391–92 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); *Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 518 (5th Cir. 2004) ("Under the rule set out by . . . *Younger* . . . federal courts must refrain from considering requests for injunctive relief based upon constitutional challenges to state criminal proceedings pending at the time the federal action is instituted."). *Younger* abstention is generally appropriate when three requirements are met: (1) there is an on-going state judicial proceeding; (2) the proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceeding to raise constitutional challenges. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). When these factors are present, abstention is appropriate unless intervention is "absolutely necessary for protection of constitutional rights" and, without federal court intervention, "the danger of irreparable loss is both great and immediate." *Younger*, 401 U.S. at 45 (*quoting Fenner v. Boykin*, 271 U.S. 240, 242–43 (1926)).

A federal court may thus disregard the *Younger* doctrine and assert jurisdiction only if one of the following narrow exceptions applies:

> (1) the state-court proceeding was brought in bad faith or to harass the federal plaintiff; (2) the federal plaintiff seeks to challenge a state statute that is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it," or (3) where other "extraordinary circumstances" threaten "irreparable loss [that] is both great and immediate."

*Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (quoting *Younger*, 401 U.S. at 45, 53–54).

To proceed under the bad faith exception, a petitioner "must show the state proceeding was initiated with and is animated by a retaliatory, harassing, or other illegitimate motive," *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) (citation omitted), or that "state officials proceed 'without hope of obtaining a valid conviction.'" *Gates*, 885 F.3d at 881 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)). "[T]he 'bad faith' exception is narrow and should be granted parsimoniously." *Gates*, 885 F.3d at 881 (quoting *Hensler v. Dist. Four Grievance Comm. of State Bar of Tex.*, 790 F.2d 390, 391 (5th Cir. 1986)).

The Supreme Court has made clear that "[o]nly if 'extraordinary circumstances' render the state court incapable of fairly and fully adjudicating the federal issues before it, can there be any relaxation of the deference accorded to the state criminal process." *Kugler v. Helfant*, 421 U.S. 117, 124 (1975). "[S]uch circumstances must be 'extraordinary' in the sense of creating an extraordinary pressing need for immediate federal equitable relief, not merely in the sense of presenting a highly unusual factual situation." *Id.* at 125.

In this case, it is clear from the face of the Petition that there is an on-going state criminal proceeding at issue. A state's enforcement of its criminal laws is an "important and necessary task" that undoubtedly implicates important state interests. *Younger*, 401 U.S. at 51–52; *Malone v. Dutton*, No. A-16-CA-1183-SS, 2017 WL 4399564, at *3 (W.D. Tex. Oct. 3, 2017) ("It is clear Texas has an

important interest in carrying out the important and necessary task of enforcing its criminal laws." (punctuation and citations omitted)). Petitioner's claims that the charges rest on hearsay and she has been denied an independent psychiatric evaluation do not establish that the state's case against her is in bad faith or evidence any extraordinary circumstance that distinguishes her prosecution from that of any other defendant who proclaims his innocence. Petitioner has the opportunity to challenge the state court's rulings and the evidence against her in state court and to appeal any potential conviction in state court on direct appeal and in collateral proceedings, as well as through federal habeas corpus proceedings.

Accordingly, Petitioner does not face irreparable injury if this Court abstains from interfering in her prosecution. *See Gibson v. Orleans Parish Sheriff*, 971 F. Supp. 2d 625, 631 (E.D. La. 2013) (finding that petitioner did not face irreparable injury if the federal court deferred to the state court's jurisdiction to hear the criminal case because petitioner could appeal his state case if convicted); *Rhodes v. Plummer*, No. C 96-3924 EFL, 1996 WL 721825, at *2 (N.D. Cal. Dec. 9, 1996) (finding that petitioner did not meet his burden to show irreparable harm or special circumstances that would justify federal court intervention into his vindictive prosecution claim because if petitioner were to be convicted in state court, state court postconviction and collateral proceedings and federal habeas corpus proceedings would be available to petitioner). Petitioner acknowledges that she has not appealed or otherwise exhausted any adverse rulings in state court. At this stage, Petitioner's habeas claims have not been exhausted, and this Court must abstain from exercising jurisdiction over them.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. §2253(c)(1)(A). A district court may deny a certificate of appealability *sua sponte* because the district

court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

To obtain a certificate of appealability, the petitioner must make a substantial showing that the petitioner has been denied a federal right. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996); To do this, he must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. *James v. Cain*, 50 F.3d 1327, 1330 (5th Cir. 1995).

The Supreme Court has stated that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the prisoner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Jurists of reason would find it debatable whether this Court's procedural ruling is correct. As a result, Petitioner is not entitled to a certificate of appealability.

## RECOMMENDATION

It is accordingly recommended that this action be dismissed without prejudice for failure to exhaust state remedies, as premature pursuant to the *Younger* abstention doctrine, and for failure to state a claim for habeas relief. This dismissal should be without prejudice to Petitioner's right to seek relief in state court, to file a timely petition under Section 2254 in federal court in the event the state courts do not grant her the relief he seeks, or to prosecute her civil complaint in connection with the conditions of her confinement. It is further recommended that a certificate of appealability be denied

*sua sponte*.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc)*.

**So ORDERED and SIGNED this 30th day of June, 2023.**

*[signature]*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE